641 A.2d 289

**Cynthia M. MALESKI, Insurance Commissioner of the Commonwealth of Pennsylvania**

v.

**PARCARE, INC. and PARCare of Delaware, Inc., d/b/a PARCare Health Plan Trusts.**

**Appeal of Linda J. MURPHY.**

Supreme Court of Pennsylvania.

Argued Jan. 25, 1994.

Decided April 13, 1994.

John W. Jordan, IV, for L.J. Murphy.

Preston M. Buckman, Zella M. Smith Sutton, for Pa. Ins. Dept.

Richard W. Schimizzi, for R. Harrold.

Norman M. Lubin, for PARCare.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

## ORDER

PER CURIAM:

Order affirmed.

PAPADAKOS, J., files a dissenting opinion.

MONTEMURO, J., is sitting by designation as Senior Justice pursuant to Judicial Assignment Docket No. 94 R1800, due to the unavailability of LARSEN, J., see No. 127 Judicial Administration Docket No. 1, filed October 28, 1993.

PAPADAKOS, Justice, dissenting.

I dissent to the majority's Per Curiam disposition of this case. I believe an issue of due process and fundamental fairness is involved and I would remand for an evidentiary hearing to establish the propriety of the Commissioner's Account.

In its fiduciary role as Statutory Liquidator of an insolvent, the Commissioner is required to file an account and a plan of distribution. In its account, the Commissioner has shown receipts of $264,823.17 and administrative expenses of $188,677.71. No itemization and justification for the administration costs has been shown. The Commonwealth Court approved the account without receiving any evidence to justify the expenditures.

An acknowledged claimant against the fund has objected and demanded a full accounting of the administrative expenditures and the objection has been overruled by the Common-

wealth Court and the majority affirms. Since the claimant has an interest in the fund, it has a right to know if the fund is being erroneously charged with improper administrative costs. After all, the greater the administrative costs, the less is left for distribution to the approved claimants.

I believe that claimants have a right to examine the expenditures of the estate in detail and raise objections to any expenditures that are questionable. Because my colleagues of the majority deny this basic right to the claimants, I dissent.